IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KELLY C. TRIMBLE, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 7:10-CV-146 (HL) |
| LARRY S. VOWLES d/b/a VOWELS TRUCKING and GREAT WEST CASUALTY COMPANY, : | |
| Defendants. : | |

## ORDER

On December 9, 2010, Plaintiff, Kelly C. Trimble, filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia, alleging diversity as the basis for federal jurisdiction. When a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege the specific facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity, the Court will not discuss the necessary elements of federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff states that she is a citizen of Clinch County, Georgia. Plaintiff alleges that Defendant Larry Vowles is a citizen of Florida. Plaintiff alleges that Defendant Great West Casualty Company is a Nebraska corporation and may be served through its registered agent in Georgia, Alexander T. Galloway III, 326 Roswell Street, Marietta, Georgia 30060.

For purposes of 28 U.S.C. § 1332, a corporation is deemed to be a citizen of any state in which it has been incorporated and the state where it has its one principal place of business. 28 U.S.C. § 1332(c)(1). Thus, pursuant to § 1332, a corporation may be deemed to be a citizen of more than one state. To establish the citizenship of a domestic corporation, a party must allege both the state of incorporation and state of the corporation's principal place of business.

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). In examining the jurisdictional allegations presented in the complaint, the Court finds they are lacking in one respect. Plaintiff failed to identify the state of the principal place of business for Defendant Great West Casualty Company.

As a result of this deficiency, the Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the complaint fails to satisfy

the prerequisites of subject matter jurisdiction. However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiency noted. Accordingly, Plaintiff shall have until December 17, 2010 in which to file an amendment that conforms to the findings of this Order.

Failure to plead the necessary jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

**SO ORDERED**, this the 10th day of December, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh